**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————————x

FRANK R. BUDETTI,                                           ECF CASE

                              Plaintiff,                      05 CV 1921(DC)

        -against-                                           **COMPLAINT**
                                                            *JURY TRIAL*
                                                            *REQUESTED*

KROLL ZOLFO COOPER LLC,

    and

KROLL, INC.

                              Defendants.
——————————————————————x

        Plaintiff Frank R. Budetti, by his attorneys, Eisenberg & Schnell, LLP, as and for
his complaint against the Defendants alleges as follows:

1.  This proceeding seeks to enforce the civil rights of Plaintiff Frank R. Budetti to
    be free from unlawful discrimination in employment on the basis of age,
    disability, and regarded as or perceived disability, and to be free from
    unlawful retaliatory treatment for Plaintiff's assertion of his civil rights.

2.  This proceeding also seeks to enforce Plaintiff's rights to be free from
    retaliatory treatment for engaging in whistleblowing activities.

### THE PARTIES

3.  Plaintiff is sixty-five (65) years old and resides in Loveland, Ohio.

4.  Plaintiff is an employee of Kroll Zolfo Cooper LLC (hereinafter referred to as
    "KZC") and Kroll, Inc.  Upon information and belief, KZC is a subsidiary of

Defendant Kroll, Inc. (hereinafter referred to as "Kroll.")  Kroll is presently one of the member companies and/or divisions of Marsh & McLennan Companies, Inc. (hereinafter referred to as "MMC").    Defendants are employers engaged in interstate commerce under all applicable statutory provisions.

5. Upon information and belief, at all times relevant to this action Defendants Kroll and KZC are licensed to do business in New York State under the laws and regulations of the State of New York. KZC's and Kroll's headquarters are located at 900 Third Avenue, New York, New York 10022.  Defendant KZC is incorporated in the State of New Jersey.  Defendant Kroll, Inc. is incorporated in the State of Delaware.

6. While Mr. Budetti has worked and continues to work for defendants throughout the United States, his office is located in Los Angeles, California.

**JURISDICTION**

7. This is an action for monetary, injunctive and declaratory relief, punitive damages, liquidated damages, attorneys' fees, and costs. This action arises under the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act, Article 15 of the New York State Executive Law ("State Human Rights Law"), and Title 8 of the New York City Administrative Code ("City Human Rights Law"), the New Jersey Law Against Discrimination, the California Government Code, the New Jersey Conscientious Employee Protection Act, and the California Whistleblowing Protection Act.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 1343. As the matter in controversy exceeds $75,000 exclusive of interest

and costs, this Court also has diversity jurisdiction pursuant to 28 U.S.C. §
1332.   Plaintiff also invokes the supplemental jurisdiction of the Court
pursuant to 28 U.S.C. Section 1367.  Declaratory relief is sought pursuant to
28 U.S.C. Sections 2201 and 2202.

## ADMINISTRATIVE HISTORY

9.  On July 6, 2004, Mr. Budetti filed a Charge of Discrimination on the bases of
    age and disability with the United States Equal Employment Opportunity
    Commission ("EEOC").  Plaintiff placed KZC, Kroll, and MMC on notice of the
    EEOC Charge on or about July 6, 2004 by facsimile and regular mail.

10. On September 23, 2004, Plaintiff filed Charges of Discrimination on the basis
    of retaliation with the EEOC.

11. On or about November 8, 2004, the EEOC mailed a Notice of Right to Sue to
    Mr. Budetti for Charge number 221-2004-02586, his age and disability
    Charge.  On or about November 29, 2004 the EEOC mailed a Notice of Right
    to Sue to Mr. Budetti for Charges numbered 221-2004-03355, 221-2004-
    3358, and 221-2004-3359, his retaliation Charges.  This Complaint is filed
    within ninety (90) days of Plaintiff's receipt of these Notices of Right to Sue.

12. A copy of this Complaint has been served upon the New York City
    Commission on Human Rights and upon the Corporation Counsel for the City
    of New York.

## FACTS

13. Plaintiff became employed by Zolfo Cooper LLC, as an Income Partner in or
    about 2000.

14. Plaintiff was assigned to and deemed the Administrative Partner in charge of the Los Angeles office of Zolfo Cooper LLC upon the commencement of his employment.

15. In or around August 2002, Kroll purchased Zolfo Cooper LLC.  Thereafter, Plaintiff was employed by defendants as a Managing Director.

16. Plaintiff's performance for defendants was and is excellent and he is highly qualified for his position.  Plaintiff is the oldest Managing Director of KZC, and, upon information and belief is at least a decade older than any of the other Managing Directors.  Upon information and belief, Plaintiff is older than most all if not all of KZC's professional employees below the rank of Managing Director.

17. In August 2002, in connection with Kroll's acquisition of Zolfo Cooper, LLC, Mr. Budetti was presented with a four-year employment agreement.  Due to health concerns (which culminated in a quadruple bypass operation in July 2003), Plaintiff expressed his reluctance to sign this four-year employment agreement.   He was told that the Kroll purchase of Zolfo Cooper LLC was not contingent upon his execution of this contract, and he was further told that his compensation and the terms and conditions of his employment would not be adversely affected by not signing this contract.    As a result of and in reliance upon these statements, Plaintiff did not sign the four-year employment agreement.

18. Plaintiff never expressed any intent or desire to retire in the near future; however, the subject of Plaintiff's age and future "retirement" was raised by KZC.

19. In 2002, as part of Kroll's acquisition of Zolfo Cooper LLC, Plaintiff received a grant of 25,000 Kroll shares, which were to vest over a period of four years.

20. Upon information and belief, Kroll manages all stock plans and employee benefit plans including but not limited to Kroll's Short Terms Disability Plan for KZC.

21. In the Autumn of 2003, after returning from his short-term disability leave, Plaintiff was informed by Michael E. France, Senior Managing Director, that KZC wanted a "younger guy" running their LA office.  Accordingly, Plaintiff was relinquished of this responsibility and John Boken, a younger KZC employee was assigned to run the Los Angeles, California office.

22. In June 2004, Plaintiff learned that in or around August 2003, younger employees who were similarly situated to Plaintiff had received substantial Kroll stock grants and stock options valued, upon information and belief, at more than $1,000,000.  Plaintiff, who was then on disability leave following heart bypass surgery, received no such compensation.

23. Plaintiff learned that employees below the level of Managing Director received stock options of substantial value that he was not offered, as did employees without durational employment contracts.

24. Plaintiff was on short-term disability leave due to his heart surgery in August 2003.

25. During a June 2004 meeting between Plaintiff and KZC's representatives, Plaintiff voiced concern regarding age based disparate treatment of him with respect to the stock grants, stock options, and other terms and conditions of employment.  KZC representatives denied that Plaintiff had been treated

differently.  They also warned Plaintiff that he should not persist in his
allegations, or they would "make things very difficult and expensive" for him.

26.  During this meeting KZC's representatives told Plaintiff that the stock options
and grants were issued to and meant for the "younger" people in the
company who presumably would have a longer tenure with the company than
plaintiff.

27. In June 2004 Plaintiff learned that in 2002, the other Managing Directors
received more than the 25,000 shares of Kroll stock that Plaintiff had received
in 2002, and that they received stock options that he did not receive.  On
information and belief, other Managing Directors, Senior Directors, Directors,
and Managers, all of whom were younger than Plaintiff and many of whom
were at a level lower than Managing Director, received stock options that
Plaintiff was not given.

28.  Upon information and belief in 2003 other managing directors received
significantly greater bonus monies than plaintiff.

29.  On or about July 8, 2004, MMC closed on its acquisition of Kroll.

30.  At the time of MMC's acquisition of Kroll, 15,625 of Plaintiff's Kroll shares had
vested.  9,375 of Plaintiff's Kroll shares were unvested.

31. Under the terms of an agreement in connection with MMC's acquisition of
Kroll, employees' unvested shares of Kroll stock were to be accelerated and
converted to cash on the record date at $37.00 per share.

32. In July 2004, Plaintiff called Philip Denning of Kroll Industrial Relations to
inquire about the status of his Kroll shares.  Plaintiff was informed that Bank

of New York ("BNY") was handling the liquidation of the vested Kroll shares. With respect to the unvested shares, Mr. Denning informed Plaintiff that employees who had unvested Kroll shares received cash for their unvested, accelerated shares in the July 15, 2004 payroll.  Mr. Denning confirmed that Plaintiff was the only employee who did not get paid for his unvested shares. Plaintiff asked why he was excluded. Mr. Denning said he did not know, but promised to get back to Plaintiff.  Mr. Denning never called back.

33. Plaintiff had 15,625 vested shares of Kroll stock for which he possessed stock certificates; these vested in February 2003 and April 2004.  Like all other similarly situated employees, Plaintiff was entitled to cash them out in connection with MMC's acquisition of Kroll.  Mr. Denning told Plaintiff that in order to cash out unvested shares, all employees were to sign a form provided by the Company and return this form to the Company's transfer agent with the stock certificates attached.

34. Unlike all other similarly situated employees, Plaintiff was never provided the necessary form(s) for the transaction, despite his repeated and disregarded written and verbal requests.

35. After Defendants repeatedly failed to respond to Plaintiff's requests, Plaintiff, through informal contact with a BNY representative in Cincinnati, Ohio, was able to receive the required forms immediately through overnight mail to his counsel.  Plaintiff immediately filled out the forms and obtained payment for his shares, only by extraordinary efforts that no other employee has had to use.

36.  Other inquiries were made by Plaintiff to KZC representatives with regard to these shares in an effort to receive his just compensation, all of which went unanswered.

37. The failure of Defendants to respond to Plaintiff's inquiries and to pay Plaintiff the money to which he is legally entitled for his Kroll stock was part of Defendants' pattern of retaliation against Plaintiff.

38. On information and belief, Goldman Sachs, the transfer agent for the funds, asked Defendants' agents, Mark Marcello and Mike Helfrigel, to provide the same standard release to Plaintiff as provided to other employees that are necessary for disbursement of the funds, but they have not provided such release to Plaintiff and upon information and belief have been directed by KZC not to provide this document.

39. Plaintiff has never received the $346,875 that is owed him payable in cash for his unvested Kroll shares.

40. Defendants' unlawful acts and omissions have deprived Plaintiff of compensation, stock options, and stock awards to which he otherwise would have been entitled.

41. In or about August, 2004, Plaintiff was removed from his assignment and has not been assigned a new project.

42. Throughout Mr. Budetti's tenure at KZC and its predecessors, he was and continues to be a loyal, productive and hard working employee. Even though his earnings and his performance for the company were favorable and more profitable than his peers, Mr. Budetti was compensated in a manner which was not proportionate to his contributions to the company.

43. Mr. Budetti has suffered and continues to suffer irreparable harm and economic loss as a direct result of Defendants' unlawful discriminatory and retaliatory conduct.

44. By letter dated July 14, 2004, Plaintiff reported to his supervisor, Mr. Steven Panagos of KZC, acts committed by KZC that Plaintiff, in good faith reasonably believes are inappropriate and improper. Plaintiff's written letter report to Mr. Panagos followed Plaintiff's July 9, 2004 oral conversation with Mr. Panagos regarding his demand that these inappropriate actions cease and his refusal to participate in these inappropriate actions.

45. KZC knew that it is unlawful to discriminate on the basis of age and disability. KZC also knew that it is unlawful to retaliate against an employee for having made allegations of age and/or disability discrimination and for having made whistleblowing allegations.

46. Since July 2004, Defendants have instituted a systematic and continuing course of retaliation, retaliatory acts, and omissions, including but not limited to, obstruction of Plaintiff's attempts to cash out his vested shares of Kroll stock like all other similarly situated employees, refusal to pay Plaintiff for his unvested accelerated shares like all other similarly situated employees, creating more stringent requirements and rigorous roadblocks erected with respect to Plaintiff's short-term disability application, their instructions that Plaintiff is not permitted to speak to HR personnel while on short term disability leave, and the notification that Plaintiff is no longer employed in his then existing project.

47. Defendants' acts and omissions are willful, malicious, and in reckless disregard of Plaintiff's rights.

48. Defendants knew that their actions constituted unlawful discrimination and/or showed reckless disregard for Mr. Budetti's statutorily protected rights.

**FIRST CAUSE OF ACTION**

49. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. Defendants' actions constitute unlawful discrimination on the basis of age:

    A.    in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623 *et seq.*;

    B.    in violation of Article 15 of the Executive Law of the State of New York ("State Human Rights Law");

    C.    in violation of Article 8 of the Administrative Code of the City of New York, also known as the New York City Human Rights Law;

    D.    in violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*; and

    E.    in violation of California Government Code Section 12900 *et seq.*

**SECOND CAUSE OF ACTION**

51. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. Defendants' actions constitute unlawful discrimination on the basis of disability, and/or regarded as and/or perceived disability:

    A.    in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*;

B.   in violation of Article 15 of the Executive Law of the State of New York ("State Human Rights Law");

C.   in violation of Article 8 of the Administrative Code of the City of New York, also known as the New York City Human Rights Law;

D.   in violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.;* and

E.   in violation of California Government Code Section 12900 *et seq.*

### THIRD CAUSE OF ACTION

53. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. Defendants' actions constitute unlawful retaliation:

A.   in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623 *et seq.;*

B.   in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.;*

C.   in violation of Article 15 of the Executive Law of the State of New York ("State Human Rights Law");

D.   in violation of Article 8 of the Administrative Code of the City of New York, also known as the New York City Human Rights Law;

E.   in violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.;*

F.   in violation of California Government Code Section 12900 *et seq.;*

G.   in violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. §34.19-3; and

H.    in violation of the California Whistleblower Protection Act, Ca. Government Code Sections 8547 et seq.; Ca. Labor Code Sections 1101 *et seq.*

**WHEREFORE**, Plaintiff demands judgment against Defendants Kroll Zolfo Cooper, LLC and Kroll, Inc., as follows:

A.    A finding that Defendants discriminated and retaliated against Plaintiff in violation of 29 U.S.C. Section 631, et seq.;

B.    A finding that Defendants discriminated and retaliated against Plaintiff in violation of in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*

C.    A finding that Defendants discriminated and retaliated against plaintiff in violation of the New York State Human Rights Law, Section 296 of the New York State Executive Law;

D.    A finding that Defendants discriminated and retaliated against Plaintiff in violation of the New York City Human Rights Law;

E.    A finding that Defendants discriminated and retaliated against Plaintiff in violation of the New Jersey Law Against Discrimination;

F.    A finding that Defendants discriminated and retaliated against Plaintiff in violation of the California Government Code Section 12900 *et seq.*

G.    A finding that Defendants retaliated against Plaintiff in violation of the New Jersey Conscientious Employee Protection Act.

H.    A finding that Defendants retaliated against Plaintiff in violation of the California Whistleblower Protection Act.

I.    A judgment for representing Plaintiff's economic damages for compensation and other employment benefits wrongfully denied, plus interest the exact amount to be determined at trial;

J.   A judgment for punitive damages in an amount to be determined at trial;

K.   A judgment for liquidated damages where provided by statute;

L.   An award of prejudgement interest;

M.   An award of reasonable attorney's fees and costs; and

N.   Such other relief that may be available in law or equity to which Plaintiff is entitled.


**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all claims so triable.


Dated: February 7, 2005
        New York, New York


                                                    /s/
                                        _____
                                        Herbert Eisenberg (HE 8796)
                                        Eisenberg & Schnell, LLP
                                        Attorneys for Plaintiff
                                        377 Broadway, 9th Floor
                                        New York, New York 10013
                                        (212) 966-8900